**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JARED EDWARD BEEBE,<br><br>Plaintiff,<br><br>v.<br><br>ELKO COUNTY JAIL; JIM PITTS; *et al.,*<br><br>Defendants. | 3:16-cv-00595-MMD-CBC<br><br><br><br>**REPORT AND RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is Defendant Jim Pitts's ("Defendant")[1] motion for summary judgment. (ECF No. 15). Plaintiff Jared Edward Beebe ("Plaintiff") opposed, (ECF No. 18), and Defendant replied. (ECF No. 20). Having thoroughly reviewed the record and papers, the court hereby recommends the motion for summary judgment be granted.

**I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections ("NDOC"), and is currently housed at Warm Springs Correctional Center ("WSCC") in Carson City, Nevada. Prior to Plaintiff's incarceration at WSCC, he was incarcerated at the Elko County Jail, where the events giving rise to this case took place. Plaintiff brings a civil rights claim pursuant to 42 U.S.C. § 1983 against Defendant, who is a state official.

Plaintiff's Complaint alleges that on or around January 12, 2016, Plaintiff sent Mr. Macfarlan, Plaintiff's attorney, legal mail concerning his ongoing criminal case. (ECF No.

---

[1]   Although the Elko County Jail is listed in the caption, Jim Pitts, who is the Elko County Sheriff, is being sued in both his individual and official capacities, and he is the sole defendant in this matter.

4 *at* 4.) Plaintiff clearly labeled the envelope as legal mail and sealed it before turning it in for outgoing mail. (*Id.*) On February 8, 2016, Plaintiff received a copy of his January 12, 2016 attorney correspondence and noticed it had been opened outside of Plaintiff's presence by Elko County employee Doe, then reviewed or read, rubber stamped, resealed, and delivered to Plaintiff's attorney. (*Id.* at 4-5.) Neither Plaintiff nor his attorney had been notified that Elko County Jail employees were reading Plaintiff's outgoing mail. (*Id.* at 5.)

Based on the above, Plaintiff alleges Defendant violated his First and Sixth Amendment rights by failing to implement a constitutionally valid policy regarding inmate's outgoing legal mail. (ECF No. 4 at 5.) Plaintiff further asserts that, due to Defendant's management role, he is liable for violations of the legal mail process committed by officers under his supervision at the Elko County Jail. (*Id.*) Finally, Plaintiff claims that subsequent to the alleged violation of his rights described above, Defendant failed to correct officers who violate inmate's rights by opening inmate legal mail. (*Id.*)

On August 22, 2017, the District Court screened Plaintiff's complaint and allowed Plaintiff to proceed with his cause of action for the First and Sixth Amendment mail violation against both Defendant and an unnamed Doe Defendant. (ECF No. 3 at 5.) This court issued an *in forma pauperis* order commencing litigation. (*Id.* at Nos. 5-7.) Thereafter, discovery commenced in the litigation. On March 28, 2018, Defendant filed a motion for summary judgment. (ECF No. 15.) This report and recommendation follows.

**II.   LEGAL STANDARD**

Summary judgment allows the court to avoid unnecessary trials. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The court properly grants summary judgment when the record demonstrates that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.

2

Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A dispute is "genuine" only where a reasonable jury could find for the nonmoving party. *Id.* Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish a genuine dispute. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996). At this stage, the court's role is to verify that reasonable minds could differ when interpreting the record; the court does not weigh the evidence or determine its truth. *Schmidt v. Contra Costa Cnty.*, 693 F.3d 1122, 1132 (9th Cir. 2012); *Nw. Motorcycle Ass'n*, 18 F.3d at 1472.

Summary judgment proceeds in burden-shifting steps. A moving party who does not bear the burden of proof at trial "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element" to support its case. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Ultimately, the moving party must demonstrate, on the basis of authenticated evidence, that the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party as to disputed material facts. *Celotex*, 477 U.S. at 323; *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). The court views all evidence and any inferences arising therefrom in the light most favorable to the nonmoving party. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014).

Where the moving party meets its burden, the burden shifts to the nonmoving party to "designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted). "This burden is not a light one," and requires the nonmoving party to "show more than the mere existence of a scintilla of evidence. . . . In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Id.* (citations omitted). The nonmoving party may defeat the

summary judgment motion only by setting forth specific facts that illustrate a genuine dispute requiring a factfinder's resolution. *Liberty Lobby*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324. Although the nonmoving party need not produce authenticated evidence, Fed. R. Civ. P. 56(c), mere assertions, pleading allegations, and "metaphysical doubt as to the material facts" will not defeat a properly-supported and meritorious summary judgment motion, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

For purposes of opposing summary judgment, the contentions offered by a *pro se* litigant in motions and pleadings are admissible to the extent that the contents are based on personal knowledge and set forth facts that would be admissible into evidence and the litigant attested under penalty of perjury that they were true and correct. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

**III.   DISCUSSION**

Defendant argues summary judgment should be granted in his favor because: (1) the Elko County Sheriff Office's policy regarding outgoing legal mail is appropriate and constitutional; and, (2) Defendant cannot be held liable in his official capacity because he did not personally participate in opening Plaintiff's legal mail. (ECF No. 15 at 10-14.) Plaintiff contests these arguments. First, he asserts the prison's outgoing mail policy as to outgoing legal mail is invalid because outgoing regular mail and outgoing legal mail should not be subject to the same standard. Plaintiff also argues Defendant is liable because of his supervisory position. (ECF No. 18.)

42 U.S.C. § 1983 aims "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000)). The statute "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights[,]" *Conn v. Gabbert*, 526 U.S. 286, 290 (1999), and therefore "serves as the procedural device for enforcing substantive provisions of the Constitution and federal statutes," *Crumpton v. Gates*, 947

F.2d 1418, 1420 (9th Cir. 1991). Claims under § 1983 require a Plaintiff to allege (1) the violation of a federally-protected right by (2) a person or official acting under the color of state law. *Warner*, 451 F.3d at 1067. Further, to prevail on a § 1983 claim, the Plaintiff must establish each of the elements required to prove an infringement of the underlying constitutional or statutory right.

### A.     Mail Policies

Generally, prisoners have "a First Amendment right to send and receive mail." *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curium). Criminal defendants also have a Sixth Amendment right to assistance of counsel. *Gideon v. Wainwright*, 372 U.S. 335, 339-41 (1963). However, a "delicate balance" must be stricken between prisoners' First and Sixth Amendment rights and the discretion given to prison administrators to govern the order and security of the prison. *Thornburgh v. Abbott*, 490 U.S. 401, 407-08 (1989). This discretion is limited by the bounds of the constitution, and where a prison regulation impinges on inmate's constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests. *Turner v. Safley,* 482 U.S. 78, 89 (1987). It is well established that prison officials have a legitimate penological interest in looking out for signs that security has been compromised and, ". . . have every right to inspect an inmate's outgoing legal mail for such suspicious features as maps of the prison yard, the times of guard's shift changes, and the like." *Nordstrom v. Ryan,* 762 F.3d 903, 907 (9th Cir. 2014). Regardless, prison officials may not read an inmate's outgoing legal mail and policies that allow for such conduct are generally held unconstitutional. *Nordstrom v. Ryan,* 856 F.3d 1265, 1271 (9th Cir. 2017).

Plaintiff's Complaint asserts that Defendant has failed to establish appropriate constitutional procedures prohibiting prison officials from opening or tampering with inmate's legal mail. (ECF No. 4 at 4-5.). However, Plaintiff has failed to come forward with any evidence to support this claim.

First, there were several policies in place at the Elko County Jail that addressed the issue of prison mail at the time the events in this case took place that did comport

with the required constitutional protections. For example, Inmate Jail Rules Policy 645, was in effect and stated, in relevant part,:

> 1. Inmate's mail will be opened and examined for cash, checks, money orders and contraband. . . 5. Outgoing mail will be picked up at staff discretion.  Outgoing mail will not be sealed until inspected by Jail Staff. All outgoing mail will [be] stamped as originating from the Elko County Jail.

(ECF No. 15 at Ex. 4.)  Elko County Sheriff Office Policy 653 also provided additional policies related to the handling of inmate mail, which included expressly advising that:

> 6. Inmates will not seal outgoing mail unless witnessed by Staff . . .B. Inmates will bring their mail with them and give it to the Deputy at the door . . . D. The inmate will be called to the gate via intercom and the letter will be opened in his presence and searched.

(ECF No. 15 at Ex. 2.)  The Jail Inmate Rule Book for the Elko County Sheriff's Department further stated, "All outgoing mail turned into the jail staff must be unsealed." (ECF No 15. At Ex. 3.)  Of particular significance, these policies do not claim to be fully inclusive and encourage inmates to contact a prison official if the inmate has questions or does not understand the policy.  (ECF. 15 at Exs. 3, 4.)

Defendant also provided a sworn affidavit, authenticating the above policies and explaining that deputies how were trained and advised to apply these policies to legal mail. Defendant's sworn affidavit states, in pertinent part, that:

> In addition to these written policies regarding inmate mail service, Deputies are also trained and instructed to do the following for legal mail. . . For outgoing legal mail, the Deputies are trained and instructed that the inmate's envelope should be unsealed and marked legal mail, and should be given to the Deputy in that fashion in order to scan the envelope and mail for contraband.  If none is found, the envelope will be sealed in the inmate's presence and mailed.  If an envelope is deposited for mailing in a sealed fashion but marked legal mail, the deputies are trained and instructed to return the sealed envelope to the inmate for unsealing, inspection for contraband, and then resealing in the inmate's presence.

(ECF No. 15 at Ex. 1.)

A review of these policies confirms that they conform with the relevant legal and constitutional standards set forth above (*See also* ECF Nos. 15-20), which do not violate Plaintiff's First or Sixth Amendment rights.  Elko County Jail's policies do not go beyond

the inspection approved of in *Nordstrom v. Ryan*, which is akin to a cursory visual inspection. *Nordstrom v. Ryan,* 762 F.3d at 910. The definition of contraband in the Elko County Jail's policies does not appear to impermissibly extend beyond illegal items or references to danger, to include the mail itself. *Nordstrom v. Ryan,* 856 F.3d 1265 at 1272. Thus, there is no evidence within the policies themselves, or provided separately by the Plaintiff that suggest the policies authorize prison officials to read outgoing legal mail, violating inmate's constitutional rights. As a result of Plaintiff's failure to present sufficient evidence to suggest that Defendant has failed to establish appropriate constitutional procedure, no reasonable jury could find that Plaintiff's First and Sixth Amendment rights were violated.

**B.     Liability Based On Defendant's Official Capacity**

Insofar as the Defendant is sued in his official capacity, it is in essence a suit against the county and liability can be imposed under narrow circumstances. *See generally Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). "Under 42 U.S.C. § 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability." *Snow v. McDaniel*, 681 F.3d 978, 989 (9th Cir. 2012) (en banc) (quoting *Hansen v. Black*, 885 F.2d 642, 645-46 (9th Cir. 1989)). A supervisor may be liable only if (1) they are personally involved in the constitutional deprivation, or (2) there is a causal connection between the supervisor's conduct and the constitutional violation. *Id.* (quoting *Hansen*, 885 F.2d at 646); *see also Rodriguez v. County of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018) (citations omitted). The causal connection can include: "1) [the supervisor's] own culpable action or inaction in the training, supervision, or control of subordinates; 2) their acquiescence in the constitutional deprivation of which complaint is made; or 3) conduct that showed a reckless or callous indifference to the rights of others." *Lemire v. Cal. Dep't of Corr.*, 726 F.3d 1062, 1085 (9th Cir. 2013) (citations and internal quotation marks omitted). Additionally, the requisite causal connection can be established by setting in motion the actions of others, or knowingly failing to terminate such actions as are likely to result in a constitutional violation. *Id.* (citing *Starr v. Baca*, 652 F.3d 1202,

1207-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (Apr. 30, 2012)) (internal quotation marks omitted).

Here, there is no evidence to create an issue of fact on whether Defendant is liable for any potential violations of Plaintiff's First or Sixth Amendment rights. It is undisputed that Plaintiff alleges an unnamed prison official opened and read his sealed legal mail, thus violating his First and Sixth Amendment rights. (ECF No. 4 at 4-5). Plaintiff has failed to provide evidence Defendant opened the legal mail, or he failed to provide appropriate training, supervision, or control of subordinates. Rather, Plaintiff concedes the prison officers were trained to, "return the sealed envelope to the inmate for unsealing, inspection for contraband, and then resealing in the inmate's presence," and that the policy in place authorized only inspection of the legal mail. (ECF No. 18 at 6-8.) Plaintiff has failed to come forward with any evidence to establish Defendant Jim Pitts was either personally involved or knowingly condoned the alleged constitutional violation. Thus, Defendant Pitts cannot be held liable in this instance.

Accordingly, the court recommends Defendant's motion for summary judgment (ECF No. 15) be granted.

**IV.   CONCLUSION**

For the reasons stated herein, the Court recommends that Defendant's motion for summary judgment (ECF No. 15) be granted.[2]

The parties are advised:

1.     Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

---

[2]     The Court notes the parties made several arguments and cited to additional cases not cited here. The Court has reviewed those arguments and cases and determines they do not warrant discussion because they do not affect the outcome of this case.

2.   This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**V.   RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED** that Defendant's motion for summary judgment (ECF No. 15) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** and close this case.

**DATED**: September 12, 2018

_____
**UNITED STATES MAGISTRATE JUDGE**