1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                               DISTRICT OF NEVADA

8                                      * * *

9    JARED EDWARD BEEBE,                    Case No. 3:16-cv-00595-MMD-CBC

10                          Plaintiff,                  ORDER
           v.
11
     ELKO COUNTY JAIL; JIM PITTS; *et al.*,
12
                            Defendants.
13

14   **I.     SUMMARY**

15          This is a prisoner's civil rights case about Elko County Jail's handling of legal mail.

16   Before the Court is the Report & Recommendation ("R&R") of Magistrate Judge Carla

17   Baldwin Carry (ECF No. 22). Plaintiff Jared Edward Beebe filed an objection (ECF No.

18   23), and Defendant Jim Pitts filed a response (ECF No. 24). For the following reasons, the

19   Court overrules Plaintiff's objection and accepts and adopts Judge Carry's R&R in full.

20   **II.    BACKGROUND**

21          Plaintiff alleges that an unnamed Doe individual at the Elko County Jail opened and

22   reviewed Plaintiff's outgoing legal mail on January 12, 2016, even though the envelope

23   was sealed and clearly marked as legal mail. (ECF No. 4 at 4.) Plaintiff discovered that

24   his mail had been reviewed or read, rubber stamped, resealed, and delivered to Plaintiff's

25   attorney on February 8, 2016, when Plaintiff received a copy of the January 12, 2016

26   attorney correspondence. (*Id.* at 4-5.) Plaintiff alleges that neither he nor his attorney were

27   notified that Elko County Jail employees were reading Plaintiff's outgoing mail. (*Id.*)

28   ///

The Court screened Plaintiff's Complaint and allowed Plaintiff to proceed with a claim for violation of his First and Sixth Amendment rights. (ECF No. 3 at 6.)

Defendant Jim Pitts filed a motion for summary judgment (ECF No. 15), and Judge Carry recommended granting Defendant's motion because (1) Elko County Jail's mail policies are constitutional and (2) Plaintiff has not adequately pleaded that Defendant Pitts was personally involved in the opening of Plaintiff's legal mail. (ECF No. 22 at 6-8.)

## III.    LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* In light of Plaintiff's objection to the Magistrate Judge's R&R, this Court finds it appropriate to engage in a *de novo* review to determine whether to adopt Judge Carry's R&R. Upon reviewing the R&R and records in this case, this Court finds good cause to adopt the Magistrate Judge's R&R in full.

## IV.    DISCUSSION

Plaintiff first objects to the R&R on the ground that he did not receive Elko County Jail's legal mail policies. (ECF No. 23 at 3.) Defendant responds that Plaintiff received the Elko County Sheriff's Office Jail Rules Handbook ("Handbook"), which prohibited submission of sealed outgoing mail. (ECF No. 24 at 3.) The Handbook also instructed inmates to ask Jail staff for clarification of anything they did not understand. (*Id.*)

The Court finds Plaintiff's first objection unpersuasive. Plaintiff does not dispute that the legal mail policy is constitutional and has not produced evidence that Defendant Pitts is the individual who opened his mail. Whether Plaintiff received a full and complete copy of Elko County Jail's legal mail policy is irrelevant to these determinations.

Plaintiff's second objection is that Defendant did not carry his burden of proving that it was not Pitts who opened Plaintiff's mail. (ECF No. 23 at 4.) However, Plaintiff misstates the parties' respective burdens. "A moving party who does not bear the burden of proof at

2

trial 'must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element' to support its case." (ECF No. 22 at 3 (citing *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).) Here, Defendant took the latter approach. Defendant showed that Plaintiff does not have enough evidence of an essential element—namely, Defendant Pitts's personal involvement in opening and reading Plaintiff's sealed mail—to support his case. Supervisory officials may be liable under 42 U.S.C. § 1983 only if (1) they are personally involved in the constitutional deprivation; or (2) there is a causal connection between the supervisor's conduct and the constitutional violation. *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018). Plaintiff has not produced evidence of either. While Plaintiff gestures at Defendant's failure to adequately train, supervise, or control staff who handle legal mail (*see* ECF No. 23 at 5), Plaintiff has not produced any evidence in this regard.

Plaintiff's third objection is based on the Nevada Department of Corrections' ("NDOC") policy requiring NDOC employees who handle inmate legal mail to document their activities as legal mail is processed. (ECF No. 23 at 6.) Plaintiff asserts that he would be able to identify who opened his mail if Elko County Jail had such a policy. (*Id.*) Elko County Jail apparently does not have such a policy, and the existence of such a policy within the NDOC is immaterial. Plaintiff does not dispute that Elko County Jail's legal mail policy is constitutional in it its own right. And while Plaintiff may prefer Elko County Jail's legal mail policy to mirror the NDOC's legal mail policy, the Constitution does not require it.

Plaintiff's fourth objection is based on his observation that his documents were stamped with the words "Elko County Jail." (ECF No. 23 at 7.) Plaintiff essentially argues that Defendant Pitts should be held liable for anything bearing that stamp because he oversees the Elko County Jail. (*See id.*) Defendant responds that Plaintiff's argument "ignores the applicable constitutional standards" and that "Plaintiff has no evidence, and
///

1 does not allege, that Sheriff Pitts personally read his legal mail." (ECF No. 24 at 4.) The

2 Court agrees with Defendant.

3      Accordingly, the Court will overrule Plaintiff's objections.

4 **V.**     **CONCLUSION**

5      The Court notes that the parties made several arguments and cited to several cases

6 not discussed above. The Court has reviewed these arguments and cases and determines

7 that they do not warrant discussion as they do not affect the outcome of the objection

8 before the Court.

9      It is therefore ordered that Judge Carry's R&R (ECF No. 22) is accepted and

10 adopted in full.

11      It is further ordered that Defendant's motion for summary judgment (ECF No. 15)

12 is granted.

13      The Clerk of the Court is instructed to enter judgment accordingly and close this

14 case.

15      DATED THIS 10th day of December 2018.

16

17                        _____

18                        MIRANDA M. DU
                       UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28